ROBERT DESHEFY, Respondent, v. E. DE C. CHISHOLM and Others, Copartners, Doing Business under the Firm Name and Style of CHISHOLM & CHAPMAN, Appellants.— Judgment unanimously affirmed, with costs. The complaint sounded in negligence. It was enlarged by amendments so as to include the theory of deceit. It was still further broadened by the granting of a motion, without objection, to conform the complaint to the proof. Therefore, this judgment must be sustained unless it cannot be supported on any theory. The plaintiff made a *prima facie* case which was not disturbed by the proof adduced on behalf of the defendants. The testimony of the specialist did not contain any proof of the number of shares he had orders to purchase at twenty on October 28, 1929, just before 12 M., when he received the plaintiff's order to buy. This is not without significance. The number of shares he had orders to buy at twenty on October twenty-ninth, either before or after the 21,000 shares he had bought at twenty, does not overcome the effect of this void. The plaintiff's proof that on October twenty-ninth 21,000 shares were sold at twenty, in the light of the conceded fact that his order to buy at twenty was in the specialist's hands at twelve M. on October 28, 1929, established *prima facie* that the defendants were lacking in diligence in having his order executed. The trial court was not obliged to credit the specialist's assertion that plaintiff's order came after the 21,800 shares block. The witness was not disinterested and may have allocated, by mistake or for other reasons, plaintiff's order to buy so as to place it behind later orders instead of ahead of other orders placed with the specialist. This view would sustain the judgment, independently of the theory contained in the findings of the trial court. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.